# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **Criminal No.  4:23-CR-00422-6-S** |
| | § | |
| **JOSEPH ROY GOMEZ,** | § | |
| **A.K.A. "TEQUILA"** | | |

## SENTENCE DATA SHEET

**CITIZENSHIP:**  U.S. Citizen

**GUILTY PLEA:**  Count One of Superseding Criminal Information: Conspiracy to Conduct the Affairs of an Enterprise through a Pattern of Racketeering Activity;
Count Two of Superseding Criminal Information: Assault in Aid of Racketeering Activity;
Count Three of Superseding Criminal Information: Using, Carrying, Brandishing, Discharging, and Possessing a Firearm During and in Relation to a Crime of Violence.

**SUBSTANCE OF PLEA AGREEMENT:**  Defendant agrees to plead guilty to Counts One, Two and Three of the Superseding Criminal Information; if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts at the time of sentencing.

If the Court determines that Defendant qualifies for an adjustment under 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense.

**COUNT 1:**  Conspiracy to Conduct the Affairs of an Enterprise through a Pattern of Racketeering Activity, Title 18, United States Code, §§ 1962(d) and 1963(a).

**ELEMENTS:**
1. That the defendant knowingly agreed to conduct or participate, directly or indirectly, in the conduct of the affairs of the charged enterprise through a pattern of racketeering activity.

2. That an enterprise would be established as alleged in the indictment;

3. That the enterprise would be engaged in, or its activities would affect, interstate or foreign commerce.

4. That the defendant would be employed by, or associated with, the enterprise.

**PENALTY:**   Not more than Life Imprisonment, not more than $250,000 fine

**SUPERVISED RELEASE:**   Not more than Five (5) Years' Supervised Release

**SPECIAL ASSESSMENT:**   $100 Special Assessment Fee

| | |
|---|---|
| **COUNT 2:** | Assault in Aid of Racketeering Activity, Title 18, United States Code, §§ 1959(a)(3) and 2 |

**ELEMENTS:**

1. The existence of an "enterprise" as defined in 18 U.S.C. § 1959(b)(2)

2. The charged enterprise engaged in, or its activities affected, interstate or foreign commerce

3. The charged enterprise engaged in "racketeering activity" as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1)

4. The defendant committed one of the following crimes—or conspired or attempted to commit one of these crimes—which crime violated state or federal law: assault with a dangerous weapon and assault resulting in serious bodily injury

5. The crime of violence was committed for the purpose of gaining entrance to or maintaining or increasing position in the charged enterprise.

**PENALTY:**   Not more than 20 Years' Imprisonment, not more than $250,000 fine

**SUPERVISED RELEASE:**   Not more than Three (3) Years' Supervised Release

**SPECIAL ASSESSMENT:**   $100 Special Assessment Fee

| | |
|---|---|
| **COUNT 3:** | Using, Carrying, Brandishing, Discharging, and Possessing a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 |
| **ELEMENTS:** | 1. The defendant committed the elements of a crime of violence or drug trafficking crime prosecutable in federal court; and; |
| | 2. The defendant knowingly used, carried, and brandished a firearm; |
| | 3. The use or carrying of the firearm was during and in relation to, or the possession of the firearm was in furtherance of, the defendant's crime of violence or drug trafficking crime. |
| **PENALTY:** | Not less than 10 Years' Imprisonment (consecutive), not more than Life Imprisonment, not more than a $250,000 fine |
| **SUPERVISED RELEASE:** | Not more than Five (5) Years' Supervised Release |
| **SPECIAL ASSESSMENT:** | $100 Special Assessment Fee |
| **SENTENCING GUIDELINES:** | Advisory |
| **FORFEITURE** | Yes: 18 U.S.C. §§ 1963 and 924(d) |
| **ATTACHMENTS** | Plea Agreement |