UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | | |
| | | |
| Plaintiff, | | |
| | | |
| v. | | **Case No.** 23-00422-12-CR-H-CRE |
| | | |
| **MARIO HUMBERTO GOMEZ**, | | |
| | | |
| Defendant. | | |

## GOVERNMENT'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND CONDITIONS OF RELEASE

The Government respectfully requests that this Court deny Defendant's Motion to Amend Conditions of Release filed on April 15, 2026, and in support thereof offers the following suggestions:

### I. PROCEDURAL HISTORY

On September 13, 2023, a federal grand jury seated in Houston, Texas, returned an indictment charging Defendant with assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(3) and 2; conspiracy to commit assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6); and discharge of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. (D.E. 1.) Defendant was arrested on September 21, 2023, and appeared before the Honorable Peter Bray, United States Magistrate Judge, Southern District of Texas, that same day. The Government moved for Defendant's detention, and he was temporarily detained pending a hearing on the Government's motion. (D.E. 44.) On September 26 and 28, 2023, a detention hearing was held before the Honorable Sam S. Sheldon, United States Magistrate Judge, Southern District of Texas, whereat

the parties presented evidence made arguments regarding Defendant's release from custody pending trial. The Government also proffered testimony regarding Defendant's involvement in the charged offense and affiliation with the Homietos Outlaw Motorcycle Gang ("OMG").

Judge Sheldon issued an order following the hearing releasing Defendant on bond, subject to various conditions to ensure his appearance and public safety. (D.E. 111.) Among other things, Defendant was ordered to home confinement with GPS and his travel was restricted to the Houston metropolitan area. (D.E. 111.) In his order, Judge Sheldon concluded these were the least restrictive conditions necessary to assure Defendant's appearance and the safety of the community. (D.E. 111 at 2.) Defendant was subsequently released from custody.

On January 5, 2024, Defendant filed a Motion to Amend Conditions of release seeking to lift the home detention provision and instead subject him to a curfew from 7:00 a.m. to 7:00 p.m. (D.E. 172.) Additionally, Defendant sought approval to expand his travel restrictions. (D.E. 172.) It does not appear the Court took any immediate action on the motion. Next, on June 6, 2024, Defendant filed an Amended Motion to Amend Conditions of Release, requesting that the GPS requirement be removed and that he be placed on a curfew instead of home detention. (D.E. 186.) Defendant again sought expanded travel privileges. (D.E. 186.) The Government opposed the modification. On June 21, 2024, the Court granted Defendant's motion, removed GPS monitoring, and imposed a curfew in lieu of home detention. (D.E. 198.)

On December 19, 2024, Defendant filed a Second Motion to Amend Conditions of Release, seeking to remove all travel restrictions within the State of Texas. (D.E. 206.) The Government was unopposed and the motion was granted on January 2, 2025. (D.E. 207.)

Next, on February 12, 2025, Defendant filed a Third Motion to Amend Conditions of Release, this time requesting that his curfew be lifted entirely because he was traveling the state

2

for work and, due to the distances involved, could not always be home by his curfew. (D.E. 211.) The Government was accommodating and did not oppose the request. On March 3, 2025, the Court granted Defendant's motion and curfew was lifted. (D.E. 215.)

On September 13, 2023, a federal grand jury seated in Houston, Texas, returned a superseding indictment charging Defendant with assault with a dangerous weapon and resulting in serious bodily injury in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(3) and 2; conspiracy to commit assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6); and discharge of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. (D.E. 234.) Defendant was arraigned on the superseding indictment before Judge Bray on April 1, 2026.

Finally, on April 15, 2026, Defendant filed the present, fourth Motion to Amend Conditions of Release, now seeking to remove a condition that required him to comply with twice-daily biometric (facial recognition) check-ins through a phone application. (D.E. 360.) Defendant does not provide a reason for the request in his motion. (D.E. 360.) For the following reasons, Defendant's motion should be denied.

## II. <u>ANALYSIS</u>

The Court should deny Defendant's motion because he has not demonstrated a sufficiently compelling reason to amend the conditions of his release at this time. Section 3145(a) permits a defendant to seek amendment of a release order. 18 U.S.C. § 3145(a). When considering whether release is appropriate and, if so, what conditions should be imposed, section 3142(g) lists various factors the Court should consider. These factors include: (1) the nature and the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and the characteristics of the defendant, including his or her criminal history, and; (4) the nature and the

seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). Danger to the community not only refers to physical violence, but also encompasses any likely conduct that will harm the community, including the potential for continued criminal activity. *United States v. Tortora*, 922 F.2d 880 (1st Cir. 1990).

Judge Sheldon analyzed these factors and determined that home detention and location monitoring were necessary to ensure Defendant's future appearance in court and public safety. While these conditions were subsequently amended, some level of restriction has always remained in order to ensure public safety—previously it was home detention, now it is simply a biometric check-in via a phone application.

Defendant does not allege a change in circumstances such that a re-examination of his present conditions of release are justified. Since his detention hearing, Defendant has enjoyed three prior, favorable changes to his conditions of release. Defendant now seeks to remove yet another condition designed to ensure public safety, and it is not an onerous one. Being on federal pretrial release is a privilege in a presumption case such as this one and the relatively minor inconvenience associated with twice-daily application check-ins is not unreasonable. And although Defendant appears to have complied with his conditions of release thus far, that is simply what is expected of him and does not provide a basis to modify his conditions.

4

### III.  CONCLUSION

WHEREFORE, based on the foregoing, the United States requests that the Court deny

Defendant's motion without further hearing.

<div style="margin-left:40%">

JOHN G.E. MARCK
Acting United States Attorney
Southern District of Texas


By

Byron H. Black
Assistant United States Attorney
SDTX Fed. No. 3874745
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9432
Email: Byron.Black@usdoj.gov

</div>

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on April 21, 2026, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

<div style="margin-left:40%">

Byron H. Black
Assistant United States Attorney

</div>

5